DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Timothy L. Patrick, was convicted of Sexual Battery. Because we find that appellant's sentence is not contrary to law, we affirm.
On March 31, 2000, appellant was indicted on one count of rape, a violation of R.C. 2907.02(A)(2) and a felony of the first degree. The indictment alleged that appellant had engaged in sexual conduct with a fifteen year-old female. On June 6, 2000, appellant entered a plea of guilty to sexual battery, a violation of R.C. 2907.03(A)(1) and a felony of the third degree. He was sentenced to serve five years in prison, the maximum sentence allowed for a felony of the third degree. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING THE APPELLANT TO A MAXIMUM TERM OF IMPRISONMENT."
Appellant had never been to prison before he was sentenced in this case. Appellant contends that the court failed to follow R.C. 2929.14(B) in sentencing him to the maximum term of five years in prison.
R.C. 2929.14(B) states:
 "Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Appellant contends that the court was required to find that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by appellant or others before imposing the five year term. In that the court failed to make such findings, appellant contends, the court erred in sentencing appellant to five years. We disagree and conclude that the trial judge in this case was never required to make findings pursuant to R.C. 2929.14(B).
In support of our conclusion, we look no further than the very first line of R.C. 2929.14(B) which once again states: "Except as provided in division (C). . ." R.C. 2929.14(C) states:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
"Division (G)" addresses cases involving violent sexual offenses that carry a specification that the offender is a sexually violent offender. Appellant's indictment contained no specifications and appellant did not enter a plea to any specification. R.C. 2929.14(C) next excepts offenses under R.C. 2925. These are cases involving drug offenses. Appellant's offense, therefore, meets neither of the exceptions under R.C. 2929.14(C). The court then is directed to make at least one of the four findings under R.C. 2929.14(C) before sentencing appellant to the maximum term. The court in this case complied with R.C. 2929.14(C) when the judge, addressing appellant at sentencing stated: "[Y]ou do pose the greatest likelihood of committing future crimes." In sum, the trial judge in this case was not required to make findings pursuant to R.C. 2929.14(B) in that the requirements of R.C. 2929.14(C) were met.
The next step for the trial judge in this case was to provide reasons for imposing the maximum term pursuant to R.C. 2929.19(B)(2)(d). The judge complied stating:
 "[Y]ou have a criminal history that contains a conviction of a violent offense, assault. And also that there was a threat of violence against the victim in this case if she revealed what took place after the offense was committed. Further, there's an allegation of an offense occurring similar to this in the State of Florida and also another one in Sandusky county community of similar sort."
Accordingly, we find that appellant's sentence is not contrary to law. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J. JUDGES CONCUR.